UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-206-JMS-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DEVAN PIERSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED.

☒ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00206-JMS-TAB |
| | ) | |
| DEVAN PIERSON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

### **ORDER**

Defendant Devan Pierson filed his motion seeking a sentenced reduction under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 98. Mr. Pierson seeks an order reducing his sentence of imprisonment to 25 years. *Id*. For the reasons explained below, his motion, dkt. [98], is **DENIED WITHOUT PREJUDICE**.

### I.     Background

In 2018, Mr. Pierson was sentenced to life in prison without release, plus 5 years of imprisonment, after a jury found him guilty of: (1) possession with intent to distribute controlled substances (50 grams or more of methamphetamine, heroin, and cocaine), in violation of 21 U.S.C. §§ 841(a) and 851; (2) possession of a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 942(c)(1)(A); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 72. The Court also imposed 10 years of supervised release. *Id.*

On May 17, 2021, Mr. Pierson filed a pro se motion that the Court construed as a motion for sentence reduction under § 3582(c)(1)(A). Dkt. 98. He stated that, on April 8 or 9, 2021, he placed his warden "on notice" of his request that a motion for sentence reduction be filed on his behalf. *Id.* at 1 (stating that warden was placed on notice on April 9, 2021), 9 (stating that warden

2

was placed on notice on April 8, 2021). In completing a form motion, he checked a box indicating that he "submitted a request for compassionate release to the warden on April 8, 2021." *Id.* at 10. Although the form motion directed him to submit copies of his written request to his warden, *see id.* at 9, Mr. Pierson failed to do so.

The United States filed a response in opposition. Dkt. 106. Among other things, the United States argued that Mr. Pierson had not exhausted administrative remedies as required by § 3582(c)(1)(A). *Id.* at 9. Counsel for the United States represented that records from the Bureau of Prisons ("BOP") did not reflect that Mr. Pierson had made an administrative request for relief. *Id.* The time for filing a reply has passed, and, as of the writing of this Order, no reply has been filed. Thus, Mr. Pierson's motion is ripe for review.

## II.     Discussion

Mr. Pierson seeks release based on "extraordinary and compelling reasons," as set forth in § 3582(c)(1)(A)(i). That section provides that the court,

> upon motion of the defendant **after the defendant has fully exhausted** all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i)(emphasis added). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "*must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The United States has filed a document affirmatively invoking the defense of exhaustion of administrative remedies. Dkt. 106 at 9. Specifically, the United States argues that Mr. Pierson failed to file an administrative request for relief with his warden before pursuing relief from this Court. *Id.* Mr. Pierson did not submit any documentation supporting his claim that he filed an

3

administrative request for relief with his warden and did not file a reply contesting the United States's assertion that he failed to exhaust remedies as required by § 3582(c)(1)(A). Thus, under *Sanford*, the Court must deny his motion for compassionate release. *Sanford*, 986 F.3d at 782 (affirming denial of motion for compassionate release because defendant failed to exhaust; declining to reach the merits and noting that the exhaustion issue "resolves the appeal").

### III. Conclusion

Accordingly, Defendant's motion for compassionate release, dkt. [98], is **denied without prejudice** for failure to exhaust administrative remedies. Nothing in this Order prevents Mr. Pierson from filing another motion after he has exhausted administrative remedies as required by § 3582(c)(1)(A).

**IT IS SO ORDERED.**

Date: 8/11/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel

Devan Pierson
Reg. No. 08716-028
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808