UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVAN PIERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-01264-JMS-MG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

In November 2017, a jury convicted Devan Pierson of one count each of possessing with intent to distribute a controlled substance, possessing a firearm in furtherance of a drug trafficking activity, and possessing a firearm as a felon. Because he had prior drug convictions, Mr. Pierson received a mandatory minimum life sentence on the drug charge.

Mr. Pierson now seeks to vacate his sentence and convictions under 28 U.S.C. § 2255. The United States concedes that Mr. Pierson is entitled to be resentenced, but his challenges to his trial are without merit. Accordingly, Mr. Pierson's motion is granted in part and denied in part, and the Court will arrange resentencing.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

A grand jury indicted Mr. Pierson in September 2016 on three charges: (1) possessing with intent to distribute 50 grams or more of methamphetamine, cocaine, and heroin; (2) possessing a firearm in furtherance of a drug trafficking activity; and (3) possessing a firearm as a previously convicted felon. Crim. dkt.[1] 1. The United States also filed an information pursuant to 21 U.S.C. § 851 noting that Mr. Pierson had two previous felony drug convictions: one federal conviction from 2009 for conspiracy to possess with intent to distribute cocaine base, and one Indiana conviction from 2000 for dealing in cocaine or narcotics. Crim. dkt. 9.

Mr. Pierson faced a mandatory minimum life sentence on his possession-with-intent-to-distribute charge by virtue of his two prior convictions. 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010–Dec. 20, 2018) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person hall be sentenced to a mandatory term of life imprisonment without release . . . .").

Following a three-day trial in November 2017, a jury found Mr. Pierson guilty on all counts. Crim. dkt. 60. The Court imposed the statutory maximum 10-year sentence for the felon-in-possession charge, concurrent to the mandatory life sentence for the drug trafficking charge.

---

[1] *United States v. Pierson*, no. 1:16-cr-00206-JMS-TAB-1.

Dkt. 72. As required by 18 U.S.C. § 924(c)(1)(A), the Court imposed a consecutive five-year sentence for Count 2. *Id.* In total, then, Mr. Pierson received a mandatory minimum sentence of life-plus-five-years in prison without release.

### III. Discussion

Mr. Pierson asks the Court to vacate both his sentence and his conviction. The United States concedes that Mr. Pierson is entitled to be resentenced, but Mr. Pierson has not met his burden of showing he is entitled to relief from his conviction.

**A.  Sentencing Challenges**

Mr. Pierson argues first and foremost that his 2000 Indiana drug conviction is not a valid predicate offense for the § 851 enhancement that triggered his mandatory life sentence. The United States concedes that he is correct. *See* dkt. 18 at 8–9; *see also United States v. De La Torre*, 940 F.3d 938, 952 (7th Cir. 2019) ("To put it succinctly, Rush could have been convicted . . . for dealing in a controlled substance that would not be a felony drug offense under" federal law, so the Indiana conviction could not "serve as a predicate felony drug offense under § 841(b)(1)(A)."). The United States urges the Court to grant Mr. Pierson's motion on this ground and schedule a resentencing hearing. Dkt. 18 at 10.

Mr. Pierson raises one more argument concerning his sentence: that he should be re-sentenced under a more recent version of § 841. Dkt. 5-1 at 8. The Court need not resolve that argument here. Mr. Pierson will be re-sentenced, and he may—with the assistance of counsel—present any arguments regarding the controlling law in the re-sentencing proceeding.

**B.  Conviction Challenges**

Mr. Pierson also asserts five different reasons why his conviction should be vacated, all based on the theory that his trial attorney was constitutionally ineffective. A petitioner claiming

3

ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

Mr. Pierson's ineffective assistance arguments are many, but they are also brief.

First, Mr. Pierson states that a crime lab employee who had been scheduled to testify regarding the quantity and purity of drugs attributable to him left his job days before the trial and that trial counsel failed to investigate why or object to testimony provided by a different crime lab witness. Dkt. 5-1 at 3–4. When counsel's "purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (internal quotation omitted). Mr. Pierson offers no insight into what a proper investigation would have uncovered, and he also does not explain on what basis trial counsel might have objected to the substitute witness's testimony or how that objection would have strengthened his defense.

4

Second, Mr. Pierson argues that trial counsel was ineffective because he chose not to raise any challenge to the felon-in-possession charge in closing argument. Dkt. 5-1 at 5. But Mr. Pierson does not explain how counsel might have challenged that count; indeed, he does not dispute in his § 2255 motion that he possessed a firearm or that he had a prior felony conviction.

Third, Mr. Pierson notes that the United States played two audio recordings at trial of statements he made to investigators. Dkt. 5-1 at 6. He argues that the investigators actually recorded the statements all at once and that counsel was deficient for failing to object to them being played as separate recordings. *Id.* Mr. Peirson does not explain (and the Court does not find) any reason why such an objection would be granted, and he certainly does not explain how presenting one long recording instead of two shorter recordings might have strengthened his defense.

Fourth, Mr. Pierson asserts that trial counsel noticed a juror sleeping during one witness's testimony and committed error by bringing the situation to the Court's attention in a sidebar rather than raising the issue in open court. *Id.* at 7. Mr. Pierson provides no explanation why the latter approach would have improved his chances with the jury.

Fifth, Mr. Pierson alleges that trial counsel refused his requests to interview and call certain witnesses. *Id.* at 9. Again, though, Mr. Pierson does not identify these witnesses or explain how their testimony might have caused the jury to reach a different result. "The Constitution does not oblige counsel to present each and every witness that is suggested to him." *Blackmon v. Williams*, 823 F.3d 1088, 1103 (7th Cir. 2016) (quoting *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005)). "Rather, counsel need only investigate possible lines of defense and make an informed decision." *Id*.

It is fundamental that, "[o]n a motion to vacate, set aside, or correct a sentence, a movant has the burden of proof." *United States v. Trumblay*, 234 F.2d 273 (7th Cir. 1956). Mr. Pierson has

not met the burden of demonstrating that his trial attorney fell below prevailing standards of reasonableness or that he was prejudiced by counsel's performance. Although he is entitled to be resentenced for the reasons discussed above, he is not entitled to relief from his conviction.

### IV. Conclusion

Mr. Pierson's § 2255 motion is **granted** to the extent the judgment in his criminal case, crim. dkt. [72], is **vacated** subject to resentencing. The motion is **denied** in all other respects. Mr. Pierson will remain in custody pending resentencing.

The **clerk is directed** to enter final judgment; to docket a copy of this entry in Mr. Pierson's criminal case, no. 1:16-cr-00206-JMS-TAB-1; and to terminate the § 2255 motion pending on the docket in that case, crim. dkt. [103]. The Court will issue further orders regarding appointment of counsel and initiating resentencing proceedings in the criminal case.

**IT IS SO ORDERED.**

Date: 5/13/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DEVAN PIERSON
08716-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov